We are, therefore, of the opinion that there was no error by the justice of the peace in dismissing said action, nor in the court of common pleas in affirming the judgment of the justice.

The judgment of the court below, therefore, will be affirmed.

**Dustin** and **Allread, JJ.**, concur.

---

## EMINENT DOMAIN.

[Hamilton (1st) Circuit Court, March, 1911.]

Smith, Swing and Jones, JJ.

UNION GRAIN & HAY CO. v. CINCINNATI (CITY).

**Jurors may Exercise Their Own Judgment as to Value in Fixing Damages for Property Condemned.**

Jurors in fixing the market value of property in condemnation proceedings are not limited to the evidence before them but may exercise their own judgment as to the value thereof; unless it appear that they acted on a wrong basis or with partiality or prejudice the presumption that the jury took into account all facts bearing on the question of damages will control.

ERROR to common pleas court.

*Littleford, James, Frost & Foster* and *C. W. Baker,* for plaintiff in error.

*Albert H. Morrill,* for defendant in error.

## SMITH, P. J.

Notwithstanding the alleged errors claimed to have been committed at the trial of the above case we are of the opinion that the same are not prejudicial. We have carefully examined the record and believe that the finding of the jury is in conformity with the evidence in the case.

In considering the fair market value of the property sought to be condemned, the jury may not only resort to the evidence before them, but may consider also in connection therewith their own good, sound judgment as to the value.

The rule seems to be that when it is not fairly evident that any substantial injustice has been done, the proceedings of a

jury will be affirmed; the presumption being that the jury took
into account of all facts bearing on the question of damages,
and that there was no bias on the part of the jury that stood in
the way of a fair verdict (Mills, Em. Domain Sec. 259).  Such
findings should not be set aside except on good cause, but not
because the parties are dissatisfied with the amount recovered.

In the examination of this record, we do not think the jury
in determining the value acted upon a wrong basis, or from any
partiality, bias or prejudice, nor are any of the errors of which
complaint is made of such character as would furnish any infer-
ence of the existence of such influence.

It is not for us to say whether plaintiff in error was entitled
to more compensation than that allowed by the jury.  This was
the sole question to be determined by it, and as we think the
same is fair, the judgment of the court below will be affirmed.

**Swing** and **Jones, JJ.,** concur.